IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| KESIENA TANI | * |
| Plaintiff | * |
| v. | * Civil No.: PJM 08-1950 |
| ST. MARY'S COUNTY, MARYLAND, et al. | * |
| Defendants | * |

## MEMORANDUM OPINION

*Pro se* Plaintiff Kesiena Tani has sued St. Mary's County, Maryland; the St. Mary's County Sheriff's Department; Calvert County, Maryland; the State of Maryland; and numerous state police officers, sheriffs, deputy sheriffs, and other government officials. Invoking 42 U.S.C. § 1983 and other federal statutes, Tani alleges violations of his federal constitutional rights, including excessive use of force and unlawful search and seizure. He also brings what appear to be numerous claims under Maryland common law, including defamation, false arrest, malicious prosecution, conversion, and negligence.

Various motions filed by the parties are now pending and ripe for the Court's review. For the following reasons, Tani's Motions for Summary Judgment [Paper Nos. 60 & 70] are **DENIED**; St. Mary's County's Motion to Dismiss or, Alternatively, for Summary Judgment [Paper No. 62] is **GRANTED IN PART AND DENIED IN PART**; the State of Maryland's Motion to Dismiss or, in the Alternative, for Summary Judgment [Paper No. 65] is **GRANTED IN PART AND DENIED IN PART**; and Calvert County's Motion to Dismiss or, Alternatively, for Summary Judgment [Paper No. 68] is **GRANTED**.

## I.

Although Tani's rambling, 90-page Complaint is often difficult to decipher, he appears to allege the following facts:

On or about January 15, 2006, St. Mary's County Deputy Sheriffs Patrick Handy and Eva Snyder arrested Tani on suspicion of driving with an expired license and possession of drug paraphernalia. Sometime after that, Tani filed complaints with the St. Mary's County Sheriff and the Maryland State Police, complaining that he had been harassed by St. Mary's County law enforcement officers. After receiving no response to his complaints, Tani allegedly contacted former St. Mary's County Sheriff David Zylak, who purportedly told him never to contact his office again and that, if he did, Zylak would "lock [him] up and throw the keys away."

On March 10, 2006, approximately one week after Tani's purported exchange with Zylak, St. Mary's County Deputy Sheriffs Todd Fleenor and Jay Kirkner arrived at Tani's home in Valley Lee, Maryland—allegedly without provocation—and demanded that he surrender his shotgun. According to Tani, the purpose of their visit was to retaliate against him for making complaints against the County's law enforcement officers.

Tani maintains that he told Fleenor and Kirkner that they could not enter his home without a warrant, after which the officers left the premises. However, according to Tani, the officers later returned with backup—in his words, a "cavalry of overwhelming force"—and forcibly entered his home using teargas, guns, and explosives. Tani alleges that he suffered gunshot wounds and other injuries during the raid, and that property belonging to him was seized and damaged. Officers arrested Tani sometime in the early morning hours of March 11, 2006 and charged him with assault, reckless endangerment, disorderly conduct, resisting arrest, and failure to obey law enforcement.

In their motions to dismiss, Defendants present a markedly different version of the facts.[1]

According to them, on the night of March 10, 2006, Tani got into an argument over rent money with Robert Wayne Wright, who apparently rented property from Tani. After Tani purportedly pointed a gun at him and threatened to kill him, Wright called the police from Tani's home. Deputies Fleenor and Kirkner responded to the call. When they arrived at the property, they observed Tani holding a 12-gauge shotgun at the front door of the residence. According to Defendants, Tani, who appeared to be intoxicated, told the officers that they could not enter his home without a warrant and then loaded a round into the chamber of his shotgun. At that point, Defendants maintain, the officers called for backup and a seven-hour standoff between Tani and law enforcement ensued.

Defendants maintain that, during the protracted standoff, the officers attempted—without success—to negotiate with Tani and convince him to exit the premises unarmed. Ultimately, after Tani refused to comply with their requests, the officers entered the premises using non-lethal force, in the course of which Tani fired two rounds from his shotgun. The officers managed to subdue Tani, forcibly removed him from the premises, and subsequently charged him with assault, reckless endangerment, disorderly conduct, resisting arrest, and failure to obey law enforcement. At the time of his arrest, Tani allegedly had a blood alcohol level of 0.25.

All parties, including Tani, appear to agree that, at some point subsequent to his arrest, law enforcement transferred him to the Clifton T. Perkins Hospital Center, where he was found to be dangerous due to a mental disorder and incompetent to stand trial. He was subsequently committed for inpatient care and treatment to the Maryland Department of Health and Mental

---

[1] Defendants' version of the facts is set out in the Statement of Probable Cause attached to the Statement of Charges filed against Tani in the District Court of Maryland for St. Mary's County. Tani, who attached the Statement of Probable Cause to his Complaint, maintains that the facts alleged in the statement were fabricated.

Hygiene, where staff concluded that he might be suffering from a mental disorder and was "possibly not competent to stand trial." Ultimately, on March 30, 2007, the criminal charges against Tani were dismissed. A few months later, in June 2007, Tani filed notice of his intent to sue with the Maryland State Treasurer, the St. Mary's County Attorney, and the Calvert County Attorney. He filed suit in this Court on July 28, 2008,[2] asserting 15 different causes of action against the various Defendants.[3] Defendants have moved to dismiss all of Tani's claims on multiple grounds, including sovereign immunity and failure to state a claim upon which relief can be granted.

## II.

Federal Rule of Civil Procedure 8(a) prescribes a "liberal pleading standard," *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), which requires only that a plaintiff submit a "short and plain statement of the claim showing that [he] is entitled to relief," Fed. R. Civ. P. 8(a). A plaintiff may not, however, rely on naked assertions, speculation, or mere legal conclusions. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007). When a defendant moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must evaluate the complaint's sufficiency, viewing all well-pleaded factual allegations as true and construing them in the light most favorable to the plaintiff. *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). To survive such a motion, the plaintiff must present enough factual content to render his claim

---

[2] Tani initially filed suit in this Court's Northern Division, where Judge Catherine C. Blake dismissed his suit for failure to properly serve Defendants. *See Tani v. St. Mary's County*, Civ. No. CCB-07-1924, 2008 U.S. Dist. LEXIS 36509 (D. Md. Mar. 31, 2008). Tani also filed suit in the Circuit Court for Anne Arundel County, Maryland, where Judge Philip Caroom also dismissed his suit, again without reaching the merits of the case. *See Tani v. St. Mary's County*, No. 02-C-08-133202 (Cir. Ct. Anne Arundel County Md.).

[3] Tani's 15 causes of action are: Count I (excessive use of force), Count II (false arrest), Count III (false detention), Count IV (falsified and perjured police report), Count V (unlawful search and seizure), Count VI (malicious conversion), Count VII (defamation/libel), Count VIII (malicious prosecution), Count IX (speedy trial violation), Count X (conspiracy), Count XI (negligent supervision), Count XII (warrantless search and seizure), Count XIII (negligence under color of state law), Count XIV (failure to return unlawfully seized property), and Count XV (unlawful conviction).

"plausible on its face," i.e., to enable the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

A plaintiff proceeding *pro se* is entitled to a "less stringent standard" than is a lawyer, and the court must construe his claims liberally, no matter how "inartfully pleaded." *Erickson*, 551 U.S. at 94; *see also Brown v. N.C. Dep't of Corr.*, 612 F.3d 720, 722 (4th Cir. 2010) (observing that liberal construction of a complaint is particularly appropriate where a *pro se* plaintiff alleges civil rights violations). Nevertheless, even a *pro se* complaint must meet a minimum threshold of plausibility. *See, e.g.*, *O'Neil v. Ponzi*, 394 F. App'x 795, 796 (2d Cir. 2010).

### III.

Tani has filed two virtually identical Motions for Summary Judgment [Paper Nos. 60 & 70]. Both can be disposed of without difficulty.

In his Motions, Tani essentially argues that, because Defendants have not filed answers denying the allegations in his Complaint, he is entitled to summary judgment on all Counts. What he fails to recognize, however, is that Defendants have filed timely motions to dismiss, all of which remain pending. Because Defendants have filed timely motions pursuant to Federal Rule of Civil Procedure 12(b), and because the Court has yet to rule on those motions, Defendants' answers are not yet due. *See* Fed. R. Civ. P. 12(a)(4)(A) (noting that a responsive pleading is not due until 14 days after denial of a properly filed Rule 12 motion). Accordingly, Tani's Motions for Summary Judgment are without merit and are **DENIED**.

# IV.

Calvert County argues that it and all of its associated individual Defendants (collectively, the "Calvert County Defendants") should be dismissed from this suit because Tani's Complaint alleges virtually no facts pertaining to them. The Court agrees.

It is axiomatic that "the requirements for pleading a proper complaint are substantially aimed at assuring that the defendant be given adequate notice of the nature of a claim being made against him . . . ." *See Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). In addition, Supreme Court precedent leaves no doubt that the factual allegations in a complaint "must be enough to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, and "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," *Iqbal*, 129 S. Ct. at 1949 (internal citation and quotation marks omitted). Although the plausibility standard is not akin to a "probability requirement," it asks for "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Thus, when a complaint pleads facts that are "merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.*

As the Calvert County Defendants point out, Tani's Complaint is devoid of any factual allegations that might somehow demonstrate that they acted unlawfully. Indeed, with the exception of the caption, the Calvert County Defendants appear virtually *nowhere* in Tani's Complaint. In light of this, the Court concludes that the allegations in Tani's Complaint, even if accepted as true, do not begin to approach the "sheer possibility," much less the requisite "plausibility," that the Calvert County Defendants somehow acted unlawfully. Nor can it be said that the Complaint provides the Calvert County Defendants with adequate notice of the wrongs Tani claims they committed. *See Walker v. S. Cent. Bell Tel. Co.*, 904 F.2d 275, 277 (5th Cir.

1990) ("A complaint which contains a bare bones allegation that a wrong occurred and which does not plead any of the facts giving rise to the injury, does not provide adequate notice."). The Court **GRANTS** Calvert County's Motion to Dismiss or, Alternatively, for Summary Judgment [Paper No. 68] and **DISMISSES** all the Calvert County Defendants from this lawsuit.

## V.

The Court also concludes that most of the other individual Defendants named in the caption of Tani's Complaint must be dismissed for the same reasons the Court dismisses the Calvert County Defendants.

Like the Calvert County Defendants, the names of nearly all of the individual St. Mary's County Defendants, as well as most of the individual Defendants associated with the State of Maryland, appear nowhere in Tani's Complaint, with the exception of the caption. Indeed, the only individual Defendants specifically identified within the body of the Complaint are former St. Mary's County Sheriff Zylak, St. Mary's County Deputy Sheriffs Handy, Snyder, Fleenor, and Kirkner, and Maryland State Police Officer Brian Cedar. All the other individually named Defendants are therefore **DISMISSED**.

The Court also concludes that Handy and Snyder, the St. Mary's County Deputy Sheriffs who arrested Tani for driving with an expired license and possession of drug paraphernalia in January 2006, must be dismissed. Tani does not link either of these two to any of the factual allegations offered in support of his 15 causes of action, i.e., the events of March 10 and 11, 2006. The Court therefore **DISMISSES** Handy and Snyder from the case.

To this point, the only Defendants that remain in the case are the State of Maryland, St. Mary's County, and individual Defendants Zylak, Fleenor, Kirkner, and Cedar.

# VI.

The State of Maryland argues that the Eleventh Amendment to the United States Constitution immunizes it from suits brought in federal court for monetary damages, and that all of Tani's claims against the State must therefore be dismissed. The State further argues that all claims against the remaining individual Defendants must be dismissed to the extent Tani has sued them in their official capacities. The Court agrees.

Pursuant to the Eleventh Amendment, a state is immune from a lawsuit brought in federal court by a litigant seeking monetary damages. *See Bd. of Trs. of the Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001) ("The ultimate guarantee of the Eleventh Amendment is that non-consenting states may not be sued by private individuals in federal court."). Although a state may waive its immunity and consent to suit in federal court, *see Green v. Mansour*, 474 U.S. 64, 68 (1985), and although Maryland has waived its immunity to suit in *state court* under certain circumstances, *see* Md. Code. Ann., State Gov't § 12-104(a)(1), the State generally has not waived its immunity as to suits brought in federal tribunals, *see* Md. Code. Ann., State Gov't § 12-103(2); *Dixon v. Balt. City Police Dep't*, 345 F. Supp. 2d 512, 513 (D. Md. 2003). Because Maryland has not waived its immunity from suits seeking monetary damages in federal court, and because this is not a suit in which the plaintiff has properly sought prospective injunctive relief,[4] all of Tani's claims against the State of Maryland must be **DISMISSED**. Similarly, with respect to the remaining individual Defendants, all of whom are state employees, *see Rucker v.*

---

[4] *See Green*, 474 U.S. at 68 (noting that Eleventh Amendment immunity does not extend to suits seeking prospective injunctive relief to prevent continuing violations of federal law). In the instant suit, Tani primarily seeks compensatory damages in the amount of $30 million. Although his Complaint also contains a prayer for a "permanent injunction directing Defendants to take affirmative steps necessary to prevent recurrence of the . . . alleged unlawful actions," he has not alleged *ongoing* violations of the law, a failure which is fatal to his request for injunctive relief. *See Merryfield v. Jordan*, No. 11-3054, 2011 U.S. App. LEXIS 15686, at *6-10 (10th Cir. July 27, 2011) (noting that a plaintiff may seek prospective injunctive relieve against state officials in federal court only when he alleges *ongoing* violations of federal law, and not where he merely alleges *prior* violations).

*Harford County*, 558 A.2d 399, 407 (Md. 1989) (holding that, under Maryland law, sheriffs and their deputies are state officers), all claims must be **DISMISSED** to the extent they have been brought against the individual Defendants in their *official* capacities. *See Gray v. Laws*, 51 F.3d 426, 430 (4th Cir. 1995) (noting that the Eleventh Amendment protects not only states themselves, but also state officers acting in their official capacities).

## VII.

St. Mary's County argues that it is entitled to dismissal of all claims asserted against it, both state and federal. The Court agrees.

### A.

Generally speaking, counties and other local government entities—unlike state governments—are not fully immune from suit in federal court and may be sued pursuant to 42 U.S.C. § 1983 under certain circumstances. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694-95 (1978). Specifically, a local government may be sued under § 1983 when a local statute, regulation, official policy, or custom inflicts the alleged deprivation of federal rights. *See id.* at 694. However, a local government may not be sued for violations of federal law committed via the tortious conduct of its agents under the doctrine of *respondeat superior*. *See id.* ("[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents.").

In the present case, Tani does not appear to allege, nor is it in any way reasonable to assume, that the wrongs he supposedly suffered were plausibly the outgrowth of an official policy, custom, statute, or regulation of St. Mary's County. Indeed, based on the facts alleged, the only possible theory under which the County could be held liable would seem to be one

based upon the doctrine of *respondeat superior*. Tani's federal claims against St. Mary's County will therefore be **DISMISSED**.

### B.

Tani's state-law claims against the County fare no better.

Pursuant to state law, Maryland counties and municipalities cannot be held liable under the doctrine of *respondeat superior* for the torts of *state* officials or *state* employees. *See Rucker v. Harford County*, 558 A.2d 399, 407 (Md. 1989) ("[C]ounties and municipalities in Maryland are generally not liable under the doctrine of *respondeat superior* for the tortious acts of state officials or state employees acting in the scope of their employment."). Here, where all of the remaining individual Defendants are current or former state police officers, sheriffs, or deputy sheriffs and, therefore, state employees, St. Mary's County cannot be held liable for their torts. *See Boyer v. State*, 594 A.2d 121, 128 (Md. 1991) (holding that a county may not be held liable for the actions of deputy sheriffs, since sheriffs and their deputies are state—as opposed to county—employees). Accordingly, all of Tani's state-law claims against St. Mary's County must be **DISMISSED**.[5]

### VIII.

The only Defendants remaining in the case are Zylak, Fleenor, Kirkner, and Cedar, all state law enforcement officers. These Defendants argue that they, too, must be dismissed from the case because, as state officials acting in their official capacities, they are immune from suit in this Court. For now, the motions of the remaining individual Defendants will be **DENIED WITHOUT PREJUDICE**.

---

[5] Tani's claims against the "St. Mary's County Sheriff's Department" must also be **DISMISSED** because there is no such legally cognizable entity. *See Boyer*, 594 A.2d at 128 n.9 (noting that a "Sheriff's Department" is "not an entity capable of being sued" in Maryland).

**A.**

The Court will assume, at least for purposes of ruling on the pending motions to dismiss, that Tani has sued the remaining officers in their individual as well as their official capacities. Tani's Complaint does not explicitly say this. However, when a plaintiff fails to plead capacity with appropriate specificity, the courts look to various factors to determine whether a person has been sued in his official or individual capacity. Among these factors are the following: (1) whether the plaintiff alleges "that the defendant acted in accordance with a governmental policy or custom"; (2) whether the plaintiff seeks "compensatory or punitive damages, since such relief is unavailable in official capacity suits"; and (3) whether the defendant has raised a defense of qualified immunity, since "the assertion of that defense indicates that the defendant interpreted the plaintiff's action as being against him personally." *See Biggs v. Meadows*, 66 F.3d 56, 61 (4th Cir. 1995).

In the present case, all three of these factors suggest that Tani has endeavored to sue the remaining individual Defendants in their individual capacities. He does not appear to allege that the individual officers acted pursuant to "a governmental policy or custom," *see id.*; indeed, if anything, he appears to allege that the officers took certain actions—namely, acts of violence against him in retaliation for complaints he filed against law enforcement—that are hardly consistent with official government policy. Additionally, he indicates in his Complaint that he seeks punitive damages, which, as noted *supra*, are unavailable in official capacity suits. Finally, the Court notes that the individual Defendants have asserted a defense of qualified immunity, suggesting that they at least contemplated the possibility that Tani intended to sue them in their individual capacities. For these reasons, the Court concludes that Tani has attempted to sue the

remaining individual Defendants in their individual capacities, and will therefore analyze the viability of his claims against them in light of that conclusion.

**B.**

Although a state officer is not categorically immune from suit under § 1983 when sued in his individual—as opposed to his official—capacity, the affirmative defense of qualified immunity will still shield him from monetary damages so long as his conduct is not found to "violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). In the present case, the Court concludes that, although the remaining individual Defendants may ultimately be entitled to a defense of qualified immunity, it is unable to make that determination at this juncture, since the allegations in Tani's Complaint appear to claim that the officers engaged in conduct—including violent retaliation for complaints against law enforcement—which, if true, would undoubtedly "violate clearly established statutory or constitutional rights of which a reasonable person would have known." *See id.* Accordingly, the Court concludes that it would be premature at this stage of the litigation to find that the remaining individual Defendants are entitled to the affirmative defense of qualified immunity.[6]

**C.**

Tani's state-law claims against the remaining individual Defendants survive this stage of the litigation for similar reasons. Pursuant to the Maryland Tort Claims Act ("MTCA"), state

---

[6] Defendants argue that, because Tani attached the Government's Statement of Probable Cause to his Complaint, he has adopted the facts asserted therein, and has thus conceded that Defendants' actions were lawful. The Court finds no merit in this argument, since Tani has specifically alleged that the facts set forth in the Statement of Probable Cause were fabricated, and because—at this stage of the litigation—the Court must assume Tani's allegations are true. However, the Court will, as outlined *infra*, provide the remaining Defendants with an opportunity to file appropriate motions for summary judgment, to be accompanied by appropriate sworn affidavits, stating why the Court should accept their version of the facts in favor of Tani's.

personnel[7] are immune from tort liability for discretionary acts within the scope of their public duties, but only to the extent that they do not act with malice or gross negligence. *See* Md. Code. Ann., Cts. & Jud. Proc. § 5-522(b). Here, where Tani appears to allege that the remaining officers engaged in violent retaliation for his complaints against law enforcement, it at least appears, at this initial stage of the case, that he has alleged that the officers acted with malice. The Court therefore cannot conclude at this juncture that the officers are entitled to a defense of qualified immunity against Tani's state-law claims.[8]

### IX.

Of the 15 Counts asserted in Tani's Complaint, the Court concludes that seven must be dismissed as time-barred, duplicative, not legally cognizable, or otherwise fatally deficient.

### A.

Count VII of the Complaint, for libel, is time-barred pursuant to Maryland's strictly construed one-year statute of limitations for defamation claims. *See* Md. Code Ann., Cts. & Jud. Proc. § 5-105 ("An action for assault, libel, or slander shall be filed within one year from the date it accrues."); *Henderson v. Claire's Stores, Inc.*, 607 F. Supp. 2d 725, 730 (D. Md. 2009) (noting that the limitation is strictly construed). The wrongful conduct alleged in Tani's Complaint ended no later than March 30, 2007, when the criminal charges against him were dismissed. He filed suit on July 28, 2008, nearly 16 months after the charges were dismissed, and well over two

---

[7] Sheriffs and their deputies are considered state personnel under the MTCA. *See* Md. Code. Ann., State Gov't § 12-101(a)(6).

[8] The remaining individual Defendants also argue that they should be dismissed from the suit because Tani failed to file timely notice of his state tort claims with the state Treasurer, as required by the MTCA. *See* Md. Code. Ann., State Gov't § 12-106(b)(1) ("A claimant may not institute an action under this subtitle unless . . . the claimant submits a written claim to the Treasurer or a designee of the Treasurer within one year after the injury to person or property that is the basis of the claim."). This argument fails, however, because the MTCA's notice requirements do not apply to allegations of malicious or grossly negligent torts committed by state officers in their individual capacities. *See Pope v. Barbre*, 915 A.2d 448, 462 (Md. Ct. Spec. App. 2007) ("[T]he State Treasurer does not require early notice of a claim against an individual officer alleging a malicious or grossly negligent tort.").

years after his arrest and detention in March 2006. Accordingly, his libel claim must be **DISMISSED**.

**B.**

Certain Counts must be dismissed as duplicative of other Counts, i.e., because they allege the same facts and encompass the same wrongs as claims stated elsewhere in Tani's Complaint. The duplicative Counts that are **DISMISSED** are: Count IX (speedy trial violation), which is virtually identical to Count III (false detention); Count XII (warrantless search and seizure), which is substantively indistinguishable from Count V (unlawful search and seizure); Count XIII (negligence under color of state law), which is no more than an amalgamation of Counts I (excessive use of force), V (unlawful search and seizure), and VIII (malicious prosecution); and Count XIV (failure to return unlawfully seized property), which is essentially identical to Count VI (malicious conversion).

**C.**

Two other Counts must be dismissed as not legally cognizable or otherwise fatally deficient.

Count IV (falsified and perjured police report) is not a cognizable claim under federal or state law and, in any event, would merge into Tani's claim of malicious prosecution, which he asserts in Count VIII. *See McCann v. Mangialardi*, 337 F.3d 782, 786 (7th Cir. 2003) (noting that a claim stemming from the use of false evidence or false testimony is, in essence, a claim of malicious prosecution). Accordingly, the Court **DISMISSES** Count IV.

Count XV (unlawful conviction) appears to allege, among other things, that an unnamed "visiting judge" deprived Tani of "competent assistance of counsel." Whatever Tani intends by this assertion (which is far from clear), there is no legally cognizable claim under federal or state

law in this regard. Count XV therefore fails to state a plausible claim upon which relief can be granted and shall be **DISMISSED**.

## X.

Summing up, to this point only the following individual Defendants, all of whom are state employees, remain in the case: Zylak, Fleenor, Kirkner, and Cedar. In addition, only eight alleged causes of action remain: Count I (excessive use of force), Count II (false arrest), Count III (false detention), Count V (unlawful search and seizure), Count VI (malicious conversion), Count VIII (malicious prosecution), Count X (conspiracy), and Count XI (negligent supervision).

Even so, the case remains subject to possible disposition prior to trial. After a significant paring down of Tani's lawsuit, the Court is presented with two very different versions of the facts of this case. In one, the seemingly improbable version offered by Tani, violent and vindictive law enforcement officers attacked an innocent man in his home without any provocation whatsoever, shot him, confiscated his property, and subjected him to prolonged detention and prosecution without probable cause. In the other version, the one presented by Defendants, a highly intoxicated and possibly mentally unstable man threatened to shoot his tenant and, when law enforcement responded to the tenant's emergency phone call, the man made threatening gestures with his shotgun, engaged in a seven-hour standoff with police, and—when law enforcement ultimately entered his home—assaulted one or more of them.

Ultimately, to survive summary judgment in this case, Tani must offer more than his own allegations of unlawful conduct, since a plaintiff's case will not go to a jury where he fails to "substantiate his allegations with sufficient probative evidence that would permit a finding in his favor based on more than mere speculation, conjecture, or fantasy." *See Putman v. Unity Health Sys.*, 348 F.3d 732, 733-34 (8th Cir. 2003) (internal citations and quotation marks omitted).

Indeed, a plaintiff alleging excessive force by law enforcement cannot create a genuine issue of material fact *merely* by asserting that law enforcement's sworn version of the facts has been fabricated; rather, "he must provide the Court with some basis to believe that his version of relevant events is not fanciful," and he must rely on more than "conclusory statements [or] mere assertions that affidavits supporting [a motion for summary judgment] are not credible." *See Yearwood v. LoPiccolo*, No. 95-2544, 1998 U.S. Dist. LEXIS 12302, at *7, *15 (S.D.N.Y. Aug. 10, 1998) (internal citations and quotation marks omitted).

In order to probe the substance of Tani's claims versus their own, the Court will give the remaining individual Defendants **60 DAYS** to submit renewed motions for summary judgment, which should be supported by sworn affidavits and other relevant documents from the officers, from Tani's tenant/alleged victim, from mental health personnel, and from others, and which should specifically describe: (1) the events that precipitated the alleged emergency call to the police by Tani's tenant; (2) the facts and circumstances surrounding Tani's arrest and detention; (3) Tani's blood alcohol level at the time of his arrest; (4) the likely effects of Tani's blood alcohol level on his cognitive abilities, including his perception and memory; (5) mental health personnel's evaluation of Tani's mental condition at any relevant time; (6) the likely effects of Tani's mental condition on his cognitive abilities, including his perception and memory; and (7) any other facts which may be relevant to the disposition of this case.

Following submission of the remaining Defendants' renewed motions for summary judgment, Tani shall have **30 DAYS** to respond, after which Defendants shall have **15 DAYS** to reply.

## XI.

For the foregoing reasons, Tani's Motions for Summary Judgment [Paper Nos. 60 & 70] are **DENIED**; St. Mary's County's Motion to Dismiss or, Alternatively, for Summary Judgment [Paper No. 62] is **GRANTED IN PART AND DENIED IN PART**; the State of Maryland's Motion to Dismiss or, in the Alternative, for Summary Judgment [Paper No. 65] is **GRANTED IN PART AND DENIED IN PART**; and Calvert County's Motion to Dismiss or, Alternatively, for Summary Judgment [Paper No. 68] is **GRANTED**. All Defendants other than the following are **DISMISSED** from this suit: former St. Mary's County Sheriff David Zylak, St. Mary's County Deputy Sheriffs Todd Fleenor and Jay Kirkner, and Maryland State Police Officer Brian Cedar. The following Counts are **DISMISSED** against all Defendants: Count IV (falsified and perjured police report), Count VII (libel), Count IX (speedy trial violation), Count XII (warrantless search and seizure), Count XIII (negligence under color of state law), Count XIV (failure to return unlawfully seized property), and Count XV (unlawful conviction). The remaining individual Defendants shall have **60 DAYS** to **SUBMIT** renewed motions for summary judgment that comply with the instructions set forth by the Court. Tani shall then have **30 DAYS** to respond, after which Defendants shall have **15 DAYS** to reply.

A separate Order will **ISSUE**.

                                                           /s/
                                     **PETER J. MESSITTE**
                           **UNITED STATES DISTRICT JUDGE**

**August 25, 2011**