## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **KESIENA TANI** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil No. **PJM 08-1950** |
| | * | |
| **ST. MARY'S COUNTY,** | * | |
| **MARYLAND, et al.** | * | |
| | * | |
| Defendants. | * | |

## MEMORANDUM OPINION

This Court issued a Memorandum Opinion and Order on June 7, 2012 that gave *pro se* Plaintiff Kesiena Tani a final chance to substantiate his claims against the two remaining Defendants in the case, St. Mary's County Deputy Sheriffs Todd Fleenor and John Kirkner.[1]  *See Tani v. St. Mary's Cnty., Maryland, et al.*, Civil No. PJM 08-1950, 2012 WL 2065541, at *6 (D. Md. June 7, 2012).  The Court deferred ruling on Fleenor and Kirkner's Renewed Motion for Summary Judgment [Paper No. 85] and gave Tani twenty days to file an affidavit explaining their role in the alleged violation of his federal constitutional rights and other injuries.  *Id.*  The Court warned Tani that unless he provided a factual basis for his bare allegations, it would consider granting summary judgment in favor of Fleenor and Kirkner.  *Id.*  As the Court explained, Tani has had "ample opportunity as a *pro se* litigant to make his case."  *Id.*

## I.

On June 26, 2012, the Court received Tani's "Affidavit of Claims."  The Affidavit lists "Economic Losses/Damages," including $375,000 for "Warrantless, Unlawful, Malicious and Malevolent Demolition of Plaintiff's Homestead/home-Office," as well as "General Damages,"

---

[1] The remaining counts against Fleenor and Kirkner are: Count I (excessive use of force), Count II (false arrest), Count III (false detention), Count V (unlawful search and seizure), Count VI (malicious conversion), Count VIII (malicious prosecution), Count X (conspiracy), and Count XI (negligent supervision).

"Special Damages," and "Miscellineous[*sic*] Damages & Disbursements."  Nowhere in the Affidavit does Tani make factual allegations about Fleenor and Kirkner's involvement when law enforcement forcibly entered his residence and later when he was charged with assault and disorderly conduct, among other crimes.  In fact, Fleenor and Kirkner's names do not appear anywhere in the Affidavit.

Tani's failure to provide any support for his claims is fatal.  Fleenor and Kirkner filed affidavits with their Renewed Motion for Summary Judgment in which they testified that they never used force against Tani, entered his home, filed charges against him, or otherwise caused him injury.  Tani did not dispute this evidence then, and Tani's Affidavit does not provide any evidence to the contrary now.  The fact that Tani challenged Fleenor and Kirkner's account of what occurred *before* law enforcement entered his home and allegedly engaged in misconduct is irrelevant.  "Only disputes over facts that might affect the outcome of the suit under governing law will properly preclude the entry of summary judgment."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Tani, moreover, has failed to raise any "genuine" dispute of fact.  A reasonable jury, looking at the proffered evidence, could not return a verdict in his favor on the various claims against the Deputy Sheriffs.  *Id.*

The Court must adhere to its obligation to prevent Tani's "'factually unsupported claims . . . from proceeding to trial,'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993)), and grant summary judgment in favor of Fleenor and Kirkner.

## II.

For the foregoing reasons, the Court **GRANTS** Defendants Fleenor and Kirkner's

Renewed Motion for Summary Judgment.[2]  Final Judgment will be entered in favor of

Defendants and against Plaintiff and the case will be **CLOSED**.

A separate Order will **ISSUE**.


*/s/*
_____
**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**

**July 9, 2012**

---

[2] Also outstanding is Tani's Opposition to Fleenor and Kirkner's Renewed Motion for Summary Judgment in which he asks the Court to reconsider its previous Memorandum Opinion and Order, issued on August 25, 2011, which dismissed St. Mary's County and other Defendants from the case. Tani's request, best viewed as a motion for reconsideration under Fed R. Civ. P. 54(b), is without merit. Tani has not introduced any new evidence, pointed the Court to a change in controlling authority, or shown that the prior decision was clearly erroneous. *See Boyd v. Coventry Health Care, Inc.*, 828 F. Supp. 2d 809, 814 (D. Md. 2011). Tani merely asks the Court to change its mind, which it will not do without justification more than ten months after the fact. *See Pritchard v. Wal-Mart Stores, Inc.*, 3 Fed. App'x 52, 53 (4th Cir. 2001).